**22SL-CC04931**

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **NATIONAL HOSPICE MANAGEMENT, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| | ) | |
| **LORI LABRIOLA** | ) | |
| <u>Serve</u>: | ) | **Division No.** |
| 1824 Stovall Street | ) | |
| Bullhead City, AZ 86442 | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>VERIFIED PETITION FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES</u>

COMES NOW Plaintiff, National Hospice Management, Inc. ("**NHM**") and, for its Verified Petition, alleges and asserts as follows:

### <u>PARTIES</u>

1.      NHM is a Missouri corporation organized and existing under the laws of the State of Missouri with its principal place of business in Saint Louis County, Missouri at 2191 Lemay Ferry Road, Suite 300 in Saint Louis, Missouri.

2.      Defendant Lori Labriola ("**Defendant**") is an individual citizen and resident of Bullhead City, Arizona.

### <u>JURISDICTION & VENUE</u>

3.      This Court has personal jurisdiction over Defendant because Defendant worked for NHM, NHM is located in Missouri, the events giving rise to NHM as set forth herein have resulted in immediate and irreparable harm to NHM, and Defendant has minimum contacts with Missouri to satisfy due process.

1

86775940.4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

4.      Defendant also contractually consented to personal jurisdiction in this Court and specifically and irrevocably waived her right to object to personal jurisdiction. *Whelan Sec. Co., Inc. v. Allen*, 26 S.W.3d 592, 595 (Mo. Ct. App. 2000).

5.      Venue is proper in this court pursuant to Mo. Rev. Stat. § 508.010(4) because Defendant is a nonresident of the state of Missouri and, further, because the parties contractually consented to venue in this Court and Defendant specifically and irrevocably waived her right to object to venue. *Id.*

6.      Jurisdiction is proper in this Court pursuant to Mo. Rev. Stat. § 478.070.

## <u>GENERAL ALLEGATIONS</u>

7.      NHM is in the business of providing hospice and related nursing services.

8.      NHM conducts business in various states, including the operation of branches in Bullhead City, Arizona and Laughlin, Nevada, doing business as Beacon of Hope Hospice.

9.      The hospice industry is highly competitive, and a company's competitive advantage is substantially dependent upon its ability to obtain, maintain, and protect its employees, customers, and vendors, including referral sources, their goodwill, and the information obtained from them as well as information obtained about the individuals and their families for whom NHM provides services.

10.     NHM expends substantial time and effort to develop relationships and goodwill with its employees, customers, vendors, and referral sources. Through its longstanding relationships and history, NHM has developed significant goodwill with its employees, customers, vendors, and referral sources.

11.     In an effort to protect NHM's goodwill with its employees, customers, vendors, and referral sources, NHM requires that all personnel sign employment agreements containing provisions governing the non-disclosure of NHM's confidential and proprietary information, the non-solicitation of NHM's employees, customers and vendors, and non-competition obligations.

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

**Defendant's Employment with NHM**

12.    Defendant is a former employee of NHM who worked out of NHM's branches in Bullhead City, Arizona and Laughlin, Nevada.

13.    Defendant was employed by NHM as a Hospice Care Consultant. Her job duties included, but were not limited to: developing and implementing sales and marketing strategies which achieve referral/admission growth objectives; providing basic sales and marketing training and coaching to hospice staff members providing community outreach functions; meeting with area Physicians, Social Services/discharge planners, Nursing Home Administrators, Spiritual community/churches, Seniors, Press/Media, Community organizations and other referral sources to present the hospice program and improve community relationships; participating in fund development activities through direct-mail appeals, memorial appeals, and community awareness as well as donor recognition events; participating in community education presentations, including face-to-face contact and written correspondence; providing education and resource information to the community, patient families, and physicians to maintain an excellent service level; being responsible for trending and analysis of key marketing operational indicators, coordination of patient/employee/physician survey and recognition programs; and generally growing the business in her designated region.

14.    As a condition of employment with NHM, Defendant signed an Employment Agreement (the "**Agreement**"). **A copy of the Agreement is attached hereto as Exhibit 1.**

15.    The Agreement was offered by NHM to Defendant.

16.    The Agreement was supported by consideration.

17.    Defendant signed the Agreement on June 3, 2019, thereby accepting the terms of the Agreement. *See* **Exhibit 1.**

18.    The Agreement was in all respects valid and enforceable.

19.    NHM fully performed under the Agreement.

20.    In Paragraph 2 of the Agreement, Defendant promised, agreed, and committed that during her employment and for a period of two (2) years after the termination of her employment,

86775940.4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

she would **not**:

> directly or indirectly, use or disclose to any other person or entity any Confidential Information (as hereinafter defined), knowledge, documents or data, in whatever form maintained, obtained by or known to Employee as a result of the employment relationship with Employer. The term "Confidential Information" as used in this Agreement includes, but is not limited to, any information of a financial or business nature, as well as any information pertaining to any past, present or potential client, of Employer, including, but not limited to:
>
> (a)     names, contact persons and addresses of customers;
>
> …
>
> (e)     information concerning relationships between Employer, its vendors and employees, independent contractors and/or customers;
>
> …

**Exhibit 1.**

21.     In Paragraph 4 of the Agreement, Defendant promised, agreed, and committed that during her employment and for a period of one (1) year after the termination of her employment, she would **not**:

> directly or indirectly (whether as an employee, owner, shareholder, director, consultant, independent contractor, individually or in affiliation with any other entity or in any other manner whatsoever): (i) solicit or accept the business of any Customer of Employer; (ii) attempt to divert or interfere with that business, or otherwise induce any Customer or Vendor of Employer to cease doing business with Employer. For the purposes of this Non-Solicitation of Customers provision, "Customer" shall be defined as any customer or referral source of Employer with whom Employee dealt in the course of employment with Employer.

**Exhibit 1.**

22.     In Paragraph 5 of the Agreement, Defendant promised, agreed, and committed that during her employment and for a period of one (1) year after the termination of her employment, she would **not**:

4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

> directly or indirectly (whether as an employee, owner, shareholder, director, consultant, independent contractor, individually or in affiliation with any other entity or in any other manner whatsoever) solicit, recruit, hire or otherwise interfere with the employment of any individual who is employed by Employer on the date of Employee's termination of employment or who was employed at any time within three (3) months prior to the termination of Employee's employment.

**Exhibit 1.**

23.    In Paragraph 6 of the Agreement, Defendant promised, agreed, and committed that during her employment and for a period of one (1) year after the termination of her employment, she would not:

> directly or indirectly (whether as an employee, owner, shareholder, director, consultant, independent contractor, individually or in affiliation with any other entity or in any other manner whatsoever), be employed by, consult for, support financially, own, manage, operate, join, control or participate in any manner, or have any interest in the profits or losses of, or be connected with, any other business that competes with the business of Employer in any of the locales set forth in Exhibit A...

**Exhibit 1.**

24.    The locale referenced in Paragraph 6 of the Agreement is defined as a 65-mile radius of NHM's office located in Bullhead City, Arizona.

25.    Defendant agreed that the restrictive covenants contained in the Agreement were reasonable and necessary to protect NHM's legitimate business interests and that enforcement of the restrictive covenants would not prevent Defendant from earning a living.  **Exhibit 1, Paragraph 7(a)**.

26.    Defendant also agreed any violation of the Agreement by her would result in immediate and irreparable harm to NHM.  **Exhibit 1, Paragraph 7(a)(ii)**.

27.    The Agreement provided that any disputes related to the Agreement between NHM and Defendant were to be governed by Missouri law and Defendant irrevocably consented to jurisdiction of this Court for any litigation.

28.    In the Agreement, Defendant promised to pay all costs, court costs, fees and

86775940.4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

expenses of enforcement, including actual fees of attorneys, accountants and experts incurred by NHM in enforcing the Agreement.  **Exhibit 1, Paragraph 7(c)**.

29.     In exchange for her promises in the Agreement, Defendant received, among other things, wages, access to and possession of NHM's confidential information which had independent value and were not generally known or ascertainable by NHM's competitors, access to NHM's customer, vendor and referral source lists, and substantial contact with NHM's employees, customers, vendors, and referral sources.

30.     During the course and scope of her employment with NHM, Defendant dealt directly with NHM's employees, customers, vendors, and referral sources, learned who their key decision-makers were, and learned how to best deal with them.

**Defendant's Resignation and Violations of her Agreement**

31.     NHM has had a continuous and well-established presence in Bullhead City, Arizona since September 2012.

32.     In or around September 2022, Canyon Home Care & Hospice ("**Canyon Home Care**"), a direct competitor of NHM, acquired Thomas G. Dallman, M.D., LLC, with an intent to expand its services to Bullhead City, Arizona.

33.     Canyon Home Care recently expanded its operations to Bullhead City, Arizona.

34.     On October 31, 2022, Defendant advised NHM of her abrupt and unilateral resignation of employment from NHM. Ultimately, Defendant's final day of employment at NHM was October 31, 2022.

35.     Defendant is now employed as the Branch Manager of Canyon Home Care's Bullhead City, Arizona location.

36.     Upon information and belief, both prior to her resignation of employment with NHM and after her last day of employment with NHM, Defendant directly or indirectly solicited, recruited, hired, encouraged, or induced at least six (6) employees of NHM to leave their employment at NHM to work for Canyon Home Care.

37.     Upon information and belief, both prior to her resignation of employment with

86775940.4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

NHM and after her last day of employment with NHM, Defendant directly or indirectly solicited, accepted the business of, or attempted to divert or interfere with the business of NHM's customers, vendors, and referral sources.

38.    Upon information and belief, Defendant is performing the same job duties for Canyon Home Care that she performed for NHM.

39.    In fact, NHM and Canyon Home Care perform largely the same services.

40.    Defendant's breach of the Agreement and unfair competitive efforts threaten to mislead NHM's customers, vendors, and referral sources, interfere with NHM's relationships with those customers, vendors and referral sources, and has, and will continue to lead to an irreparable loss of customers and customer goodwill.

41.    Upon discovering Defendant's violations of her Agreement, on November 2, 2022, counsel for NHM sent Defendant a cease-and-desist letter to remind her of her obligations under the Agreement. **A copy of the cease-and-desist letter is attached hereto as Exhibit 2.**

42.    To date, Defendant has refused to respond to the cease-and-desist letter.

43.    Upon information and belief, Defendant continues to violate the terms of her Agreement.

44.    Since Defendant's resignation, the six (6) employees who Defendant solicited, recruited, hired, encouraged, or induced to leave NHM to work for Canyon Home Care have resigned from employment at NHM.

45.    NHM has been earnestly endeavoring to hire replacements for Defendant and the other six (6) employees, but it has been forced to spend significant time and resources dealing with the fallout of Defendant's illegal activities, including the preparation and filing of this lawsuit.

### Count I – Injunctive Relief

46.    NHM re-alleges and incorporates by reference the foregoing paragraphs.

47.    As detailed above, Defendant has violated and is presently violating the terms of her Agreement by being employed by Canyon Home Care, NHM's direct competitor, within 65

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

miles of NHM's Bullhead City, Arizona office.

48.     As detailed above, Defendant has violated and is presently violating the terms of her Agreement by soliciting NHM's employees to leave NHM and join Canyon Home Care.

49.     As detailed above, Defendant has violated and is presently violating the terms of her Agreement by soliciting NHM's customers, vendors, and referral sources.

50.     Defendant's ongoing violations of her Agreement provides an adequate and independent grounds upon which NHM is entitled to injunctive relief.

51.     Defendant acknowledged and agreed that her breach of the Agreement would cause immediate and irreparable harm to NHM, entitling it to injunction relief.

52.     In addition to other forms of confidential business information, Defendant has close relationships with NHM's employees, customers, vendors, and referral sources (which she developed while being paid by NHM), extensive knowledge of NHM's customer, vendor, and referral lists and employee, customer, vendor, and referral contact information, and pay, terms, and conditions of employment of NHM's employees.

53.     Defendant's close relationships with NHM's employees, customers, vendors, and referral sources and Defendant's knowledge and possession of NHM's confidential business information enable Defendant to undercut NHM's sales and marketing strategies, contact NHM's customers, vendors, and referral sources and solicit their designated decisionmakers, and otherwise use and disclose NHM's confidential business information, as well as interfere with NHM's relationship with its existing employees.

54.     Defendant is using, has used, and will no doubt continue to use, her close relationships with NHM's employees, customers, vendors, and referral sources, and NHM's confidential business information to unlawfully solicit NHM's employees, customers, vendors, and referral sources.

55.     Given the high degree of similarity between Defendant's former employment with NHM and Defendant's current employment with Canyon Home Care and Defendant's efforts to solicit NHM's business, NHM's confidential information will no doubt be disclosed either

86775940.4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

intentionally or inadvertently by Defendant in the course of her new employment and efforts to solicit business.

56.    Defendant's violations and inevitable continued violations of her ongoing contractual obligations to NHM have caused, and will continue to cause, NHM immediate, immeasurable, and irreparable harm.

57.    NHM has no adequate remedy at law to protect itself from the continuing injuries Defendant's breaches are causing.

58.    Defendant has agreed that an injunction to prohibit her from violating the Agreement would not prevent her from earning a living, and NHM has a legitimate business interest it protecting its confidential and proprietary information, as outlined herein.  Therefore, any potential harm to Defendant from the injunction is significant outweighed by NHM's interests and need for the injunction under the circumstances here.

59.    The public interest favors the entry of the injunction under the circumstances here to prevent unfair competition and encourage honoring of contractual obligations.

60.    For the reasons stated in this Verified Complaint, unless Defendant is properly enjoined, NHM will be irreparably harmed by, *inter alia*:

a.    The loss of NHM's employees, customers, vendors, and referral sources to Canyon Home Care;

b.    The use and disclosure of NHM's confidential business information; and

c.    Present loss, which is not fully ascertainable at this time, and future loss, which cannot adequately be remedied by money damages.

61.    For the foregoing reasons, NHM requests that the Court immediately issue a Temporary Restraining Order and, upon hearing, a Preliminary Injunction enjoining Defendant from engaging in any of the following activities, directly or indirectly, whether alone or in concert with others, which would violate the terms of the Agreement that Defendant voluntarily agreed to when she was employed with NHM:

a.    Continuing her employment with Canyon Home Care;

86775940.4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

b.  Being employed by, consulting for, supporting financially, owning, managing, operating, joining, controlling, or participating in any manner, or having any interest in the profits or losses of, or being connected with, any other business that competes with NHM within a 65 mile radius of NHM's Bullhead City, Arizona office;

c.  Soliciting or accepting the business of any of NHM's customers or referral sources with whom Defendant dealt in the course of her employment with NHM;

d.  Attempting to divert or interfere with the business, or otherwise inducing any of NHM's customers or vendors to cease doing business with NHM;

e.  Soliciting, recruiting, hiring, or otherwise interfering with the employment of any individual who was employed by NHM as of October 31, 2022 or who was employed at any time within three (3) months prior to October 31, 2022; and

f.  Divulging any of NHM's confidential business information.

## Count II: Declaratory Judgment

62.  NHM re-alleges and incorporates by reference the foregoing paragraphs.

63.  In Defendant's Agreement, she agreed that for a period of one (1) year she would not: 1) compete with NHM within a 65 mile radius of NHM's Bullhead City, Arizona office; 2) solicit or accept the business of any of NHM's customers or referral sources with whom she dealt during her employment with NHM; 3) attempt to divert or interfere with the business, or otherwise induce any of NHM's customers or vendors to cease doing business with NHM; and 4) solicit, recruit, hire, or otherwise interfere with the employment of any individual who was employed by NHM on the date of the termination of her employment or who was employed at any time within three (3) months prior to the termination of her employment.

64.  Defendant further agreed to maintain the confidentiality of NHM's confidential business information to any third party for any purpose—both during and after Defendant's employment with NHM for a period of two (2) years—including but not limited to customer lists,

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

customer contact information, information concerning relationships between NHM, its vendors and employees, independent contractors and/or customers, and information on methods of servicing NHM's customers.

65.    On October 31, 2022, Defendant elected to terminate her employment. Since that date, however, Defendant has breached, and continues to breach, her Agreement by being employed by NHM's direct competitor, Canyon Home Care, soliciting NHM's employees to join her at Canyon Home Care, calling on NHM's customers, vendors and referral sources, and using NHM's confidential data to engage in the foregoing actions. NHM has demanded that Defendant cease and desist violating her Agreement, but Defendant continues her wrongful conduct unabated.

66.    NHM is entitled to a declaration that Defendant is not permitted to compete with NHM within a 65-mile radius of NHM's Bullhead City, Arizona office, until October 31, 2023. NHM is further entitled to a declaration that Defendant is not permitted to solicit or accept the business of any of NHM's customers or referral sources with whom she dealt during her employment with NHM, attempt to divert or interfere with the business, or otherwise induce any of NHM's customers or vendors to cease doing business with NHM, or solicit, recruit, hire, or otherwise interfere with the employment of any individual who was employed by NHM on the date of the termination of her employment or who was employed at any time within three (3) months prior to the termination of her employment, until October 31, 2023.

### Count III – Breach of Agreement

67.    NHM re-alleges and incorporates by reference the foregoing paragraphs.

68.    NHM and Defendant entered into the Agreement attached as Exhibit 1, which is valid, enforceable, and supported by sufficient consideration.

69.    Both parties intended for Defendant to be bound by the restrictive covenants in her Agreement with NHM.

70.    The Agreement should be construed as imposing upon Defendant the continuing obligation, post-termination, to abide by the restrictive covenants set forth therein.

71.    NHM fully performed, or stood willing to perform, all of its duties and obligations

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

under the Agreement.

72.     Defendant has breached and continues to breach the Agreement, including the restrictive covenants therein.

73.     Defendant's actions have caused and will continue to cause damages to NHM for breach of contract.

74.     The restrictive covenants in the Agreement are reasonable and enforceable against Defendant, as agreed to by Defendant, and NHM is entitled to a Temporary Restraining Order, Preliminary Injunction enjoining Defendant from competing against NHM, soliciting NHM's employees, customers, vendors, and referral sources, using or disclosing NHM's confidential information, or otherwise acting on behalf of NHM's competitors for a period of one (1) year after the end of her employment with NHM, as well as the recovery of any damages.

### Count IV: Breach of Fiduciary Duty and Duty of Loyalty

75.     NHM re-alleges and incorporates by reference the foregoing paragraphs.

76.     Defendant had a fiduciary duty and the highest duty of loyalty to act solely for the benefit of her employer, NHM, in all matters related to Defendant's employment, and to avoid conflicts between her duty to NHM and her own self-interest.

77.     Those duties include a duty to not use NHM's proprietary and confidential information for her own personal benefit or the benefit of NHM's competitors.

78.     In violation of those duties, Defendant, while still employed by NHM, solicited, recruited, hired, encouraged, or induced at least six (6) employees to leave NHM to work for Canyon Home Care, disclosed NHM's confidential information, and then accepted employment with Canyon Home Care within a 65-mile radius of NHM's Bullhead City, Arizona office, where she continues to act in violation of her Agreement.

79.     Upon information and belief, Defendant intends to continue using NHM's confidential business information to unfairly benefit herself and her new employer and to unfairly compete with NHM.

80.     As a direct and proximate result of Defendant's actions, NHM has been damaged

86775940.4

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

and continues to be damaged, and NHM is entitled to be repaid any base salary and commissions it paid to Defendant during the time period that she was being disloyal to NHM while still an NHM employee.

**Count V – Tortious Interference**

81.     NHM re-alleges and incorporates by reference the foregoing paragraphs.

82.     NHM has existing contractual relationships with its employees and customers and a reasonable expectancy of continuing those employee and customer relationships.

83.     NHM's employee and customer relationships and expectancies provide economic benefit to NHM.

84.     Defendant knew of NHM's employee and customer relationships and expectancies.

85.     Upon information and belief, Defendant has interfered, is interfering with, and is planning to interfere with NHM's employee and customer relationships and expectancies and has used or disclosed or is using or disclosing NHM's confidential business information to do so.

86.     NHM's contracts and expectancies with its employees and customers would continue but for Defendant's conduct in interfering with NHM's employee and customer relationships and expectancies.

87.     Defendant's interference with NHM's employee and customer relationships and expectancies is intentional, improper, and unjustified.

88.     As a result of Defendant's actions, NHM has been and will be damaged and continues to or will continue to be damaged.

**Jury Trial Requested**

NHM demands a jury trial on all claims in this action.

**Prayer for Relief**

WHEREFORE, NHM prays for judgment in its favor against Defendant; for temporary and preliminary injunctive relief as set forth in Count I; for declaratory relief as set forth in Count II; for damages in excess of $25,000 that is fair and reasonable to compensate it for Defendant's

13

Electronically Filed - St Louis County - November 18, 2022 - 12:43 PM

tortious conduct; for its costs and attorneys' fees incurred herein; for pre-judgment and post-judgment interest; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

POLSINELLI PC

By: */s/ Lilian H. Davis*
    Jon A. Bierman (MO #49214)
    Lilian H. Davis (MO #62847)
    Emma Schuering (MO #65169)
    100 S. Fourth Street, Suite 1000
    Saint Louis, MO 63102
    Telephone: (314) 622-6669
    Facsimile: (314) 754-9675
    jbierman@polsinelli.com
    ldavis@polsinelli.com
    eschuering@polsinelli.com

    *Attorneys for Plaintiff National Hospice Management, Inc.*

86775940.4